ACCEPTED
06-15-00035-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/23/2015 4:18:21 PM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/23/2015 4:18:21 PM

DEBBIE AUTREY
Clerk

No. 06-15-00035-CR

# IN THE SIXTH DISTRICT COURT OF APPEALS
## AT TEXARKANA, TEXAS

**CEDRIC BERNARD CARLDWELL**
Appellant,

v.

**THE STATE OF TEXAS**

**Appealed from the 124th District Court
Gregg County, Texas**

## BRIEF OF THE APPELLANT

Clement Dunn
State Bar No. 06249300
140 East Tyler, Suite 240
Longview, Texas 75601
Telephone: 903-753-7071
Fax: 903-753-8783

**ORAL ARGUMENT WAIVED**

# IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.  Appellant:     Cedric Carldwell

2.  Appellant's Trial Counsel:     Clement Dunn
    Attorney at Law
    140 E. Tyler Street, Suite 240
    Longview, TX 75601
    TSB No. 06249300

3.  Appellant's Counsel on Appeal:     Clement Dunn
    Attorney at Law
    140 E. Tyler Street, Suite 240
    Longview, TX 75601
    TSB No. 06249300

4.  Attorney for the State:     Zan Brown
    Assistant District Attorney, Gregg County
    101 East Methvin St., Suite 333
    Longview, Texas 75601
    TSB No.03205900

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

## INDEX OF AUTHORITIES

### Cases

*Brady v. United States*, 397 U.S. 742, 752-753(1970).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

### Statutes and Codes

Chapter 19, Texas Penal Code. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Section 3 E 1.1, Federal Sentencing Guidelines Manual.. . . . . . . . . . . . . . . . . . . . . . . . . . 3

### Constitutional Provisions

Eighth Amendment to The United States Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fourteenth Amendment to The United States Constitution.. . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF THE CASE**

Offense:      Murder

Verdict:      Guilty; Life confinement - Texas Department of Criminal Justice - Institutional Division

Date of Verdict:      November 20, 2014

Trial Court:    124th District Court, Gregg County, Texas.

This case involves a prosecution for the offense of murder. The Appellant entered a plea of guilty to the District Court on October 6, 2014. R.R. 3, at 7-14. The Appellant entered this plea without a plea agreement with the State. Id., at 10. On November 20, 2014, the District Court held a hearing on sentencing. At the conclusion of that hearing, the District Court imposed a sentence of confinement for life. R.R. 4, at 31.

**STATEMENT REGARDING ORAL ARGUMENT**

Believing the instant case contains issues capable of resolution on the basis of the record and the briefs the Appellant respectfully does not request oral argument.

**ISSUE PRESENTED**

The District Court's imposition of a sentence of life imprisonment violates the Eighth Amendment and the Fourteenth Amendment to the United States Constitution.

**STATEMENT OF THE FACTS**

The instant case involves an event that began as an encounter between two people, Huey Gray and the Appellant, on April 14, 2013. Both had been drinking. They had known each

other, as both lived in the same area of Longview, Texas. Witnesses stated the two approached each other. At some point, Mr. Gray, hands to his side, asked the Appellant something to the effect of "What are you going to do, shoot me?" The Appellant pulled out a handgun, and shot Huey Gray. The Appellant shot at least four times. See, e.g., R.R. 5, at State's Exhibits 2, 3.

**SUMMARY OF THE ARGUMENT**

The Appellant respectfully submits that the imposition of a life sentence violates the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution in light of the Appellant's plea of guilty.

**ARGUMENT**

The Appellant concedes that a life sentence for the offense of murder does not appear to be disproportionate on its face. This punishment falls within the legislatively prescribed statutory range for this offense. See: Chapter 19, Texas Penal Code. Murder ranks as one of the most serious crimes from any perspective. Its legislative classification as a first degree felony reflects this perspective.

The Appellant respectfully submits, however, that a life sentence does become a disproportionate sentence in view of circumstances specific to this case. First, the Appellant entered a plea of guilty. Second, this demonstrated "acceptance of responsibility" on the part of the Appellant. The Appellant acknowledges and concedes the novelty of these arguments, but, respectfully, believes they are entitled to consideration.

As noted above, the Appellant entered a plea of guilty to the District Court. This

occurred without a plea agreement .This occurred without a reduction in the charge of murder itself. In this light, the Appellant truly did "accept responsibility."

Acceptance of Responsibility holds an important place in the United States Sentencing Guidelines, and, by extension, in sentencing decisions in the courts of the United States. Section 3 E 1.1 of the Federal Sentencing Guidelines Manual states:

> Sec. 3E1.1.   Acceptance of Responsibility
>
> (a)   If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b)   If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

The Background contained in the Manual reads as follows:

> Subsection (a) provides a 2-level decrease in offense level. Subsection (b) provides an additional 1-level decrease for a defendant at offense level 16 or greater prior to operation of subsection (a) who both qualifies for a decrease under subsection (a) and has assisted authorities in the investigation or prosecution of his own misconduct by taking the steps specified in subsection (b). Such a defendant has accepted responsibility in a way that ensures the certainty of his just punishment in a timely manner, thereby appropriately meriting an additional reduction. Subsection (b) does not apply, however, to a defendant whose offense level is level 15 or lower prior to application of subsection (a). At offense level 15 or lower, the reduction in the guideline range provided by a 2-level decrease in offense level under subsection (a) (which is a greater proportional reduction in the guideline range than at higher offense levels due to the structure of the Sentencing Table) is adequate for the court to take into account the factors set forth in subsection (b) within the applicable guideline range.

In Brady v. United States, 397 U.S. 742, 752-753 (1970), the United States Supreme Court identified the preservation of prosecutorial an judicial resources as legitimate state interests in upholding the constitutional validity of a sentencing scheme that favored guilty pleas. Beyond judicial economy, courts have also recognized other societal benefits when a defendant pleads guilty. Among these is sparing the victims of crimes and their families from further disruption to their lives by avoiding trial. Additionally, the public saves substantial resources otherwise devoted to a potentially lengthy, and expensive, trial. Also, the offender, upon entering a guilty plea, is quickly removed from society, eliminating the possibility of immediate future criminal activity. See, e.g., U.S.S.G., note 10, at 249-50; Brady, supra; "Remorse, Cooperation, and 'Acceptance of Responsibility': The Structure, Implementation, and Reform of Section 3 E 1.1 of the Federal Sentencing Guidelines" 91 Northwestern Law Review 1512-14.

Despite the emphasis on "acceptance of responsibility" by the United States Congress, and recognition of the importance of guilty pleas by the courts, the Appellant received no real acknowledgment of his acceptance of responsibility through a plea of guilty in the instant case. The state courts in Texas do not employ a guideline system; the Appellant readily acknowledges this. His acceptance of responsibility, however, should be granted at least some consideration in mitigation of his sentence. The fact that the Appellant nonetheless received a life sentence presents a violation of both the Eighth Amendment's prohibition against cruel and unusual punishment and the Due Process Clause of the Fourteenth Amendment.

**PRAYER**

The Appellant respectfully requests this case be reversed and remanded to the Trial Court for a new hearing on punishment.

Respectfully submitted,

__/s/ Clement Dunn_____

140 East Tyler Street, Suite 240

Longview, Texas 75601

(903) 753-7071 Fax: 903-753-8783

State Bar No. 06249300

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this brief was delivered to the Gregg County District Attorney's Office, Longview, Texas on this 23rd day of July 2015.

__/s/ Clement Dunn_____

**CERTIFICATE OF WORD COUNT**

I hereby certify that a total of 1438 words are included in this brief.

__/s/ Clement Dunn_____